UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**BARRETT JAMES LUDWICZAK**                                     **PLAINTIFF**

**v.**                                                **CIVIL ACTION NO. 4:25-CV-P17-JHM**

**FRANK ANTHONY BRANCATO** *et al.*                            **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

Plaintiff Barrett James Ludwiczak initiated the instant *pro se* 42 U.S.C. § 1983 action. This matter is before the Court on an initial review of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons stated below, the Court will dismiss the action.

**I.**

Plaintiff is incarcerated at Daviess County Detention Center. In this action, he sues Frank Anthony Brancato, an attorney, and Bamberger & Brancato, PSC, a law firm.

Plaintiff alleges that Defendant Brancato was the attorney who prepared his mother's will and that he is now the executor of his mother's estate. Plaintiff asserts that Defendant Brancato violated his First Amendment rights when he threatened to sue Plaintiff for "leaving an honest review regarding his malpractice and conflict of interest in his not following my mother's wishes in leaving me her interest in the Windsor property." Plaintiff also asserts that Defendant Brancato violated his rights under the Seventh Amendment when he favored one beneficiary over another and "willingly presented bias testimony against my lawsuit, in favor of my father, the defendant in my lawsuit." Plaintiff also makes what the Court construes as state-law claims – claims that Defendant Brancato breached his fiduciary duty as the executor of Plaintiff's mother's estate and intentionally inflicted emotional distress upon him.

As relief, Plaintiff seeks damages.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III.

#### A.  § 1983 Claims

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

To the extent that Plaintiff is suing Defendant Brancato as a private attorney, Plaintiff's constitutional claims against him fail because "[p]rivate attorneys are not considered to be state actors for purposes of § 1983." *Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) (citation omitted). Similarly, to the extent that Plaintiff is suing Defendant Brancato as the executor of his mother's estate, his constitutional claims against him fail because courts have consistently held that executors of estates are not state actors for § 1983 purposes. *See*, *e.g.*, *Dyno v. Dyno*, No. 3:19-CV-1966, 2024 U.S. Dist. LEXIS 178573, at *22 (M.D. Pa. Oct. 1, 2024) ("Nor can the plaintiffs bring a federal civil rights claim against the executor [of] this estate . . . since the Third Circuit has held that the executor of a private estate who becomes embroiled in state litigation is likewise not a state actor within the meaning of § 1983.") (citing *Stephens v. Kenney*, 802 F. App'x 715, 719 (3d Cir. 2020)); *McElrath v. Evans*, No. 8:23-799-BHH-KDW, 2023 U.S. Dist. LEXIS 78125, at *7 (D.S.C. Mar. 31, 2023) ("Courts have routinely held that a court appointed personal representative of an estate is not a state actor for the purposes of § 1983 . . . .") (collecting cases); *Stanton v. Heiberg*, No. 4:18-CV-405-ALM-CAN, 2019 U.S. Dist. LEXIS

160828, at *9-10 (E.D. Tex. July 25, 2019) (holding that being an executor of an estate does not make an individual a state actor) (collecting cases); *Witte v. Young*, No. 2:14-cv-2439-TLN-EFB PS, 2015 U.S. Dist. LEXIS 119383, at *9 (E.D. Cal. Sept. 8, 2015) ("the mere fact that [Defendant] was appointed by the probate court as the administrator of the estate is insufficient to render [her a state actor]") (collecting cases). Moreover, although Plaintiff makes no allegations against it, Bamberger & Brancato is ostensibly a private law firm and not a state actor either.

For these reasons, the Court will dismiss Plaintiff's § 1983 claims for failure to state a claim upon which relief may be granted.

### B. State-Law Claims

To the extent that Plaintiff asserts state-law claims, such as malpractice, breach of a fiduciary duty, and/or the intentional infliction of emotional distress, because no federal claims remain, the Court declines to exercise supplemental jurisdiction over the state-law claims. *See* 28 U.S.C. § 1367(c) (3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.").

### IV.

The Court will enter a separate Order of dismissal consistent with this Memorandum Opinion.

Date: March 12, 2025

*Joseph H. McKinley*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.011